FILED

NOV 1 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff(s),<br><br>v.<br><br>GARY HARDEMAN,<br><br>    Defendant(s). | No. 3-08-70765 BZ<br><br>**DETENTION ORDER** |

    On November 10, 2008 I heard the government's motion to detain Mr. Hardeman. Assistant United States Attorney Denise Barton appeared for the government. The defendant was present with his counsel, Daniel Blank.

    Having considered the parties' proffers, and the pretrial services report, I find that the government has met its burden of showing by a preponderance of the evidence that the defendant presents a risk of flight and by clear and convincing evidence that the defendant presents a danger to the community. I also find that defendant has proposed conditions of release which might reasonably assure that he would make his appearances but that there are not conditions

1

of release that would reasonably assure the safety of the community. Some of the factors which I considered in reaching this decision follow:

1. The defendant is charged in a criminal complaint with a violation of Title 21, U.S.C. Section 2250(a) - Failing to Register as a Sex Offender. If convicted, the defendant faces up to 10 years in prison. This provides him with some incentive to flee.

2. Defendant has the ability to flee. Defendant has an adult daughter living in Mexico and regularly travels to Mexico to visit her. His last trip to Mexico, in November of 2007, lasted approximately 4 months.

3. Defendant has ties to the community. Defendant has lived with his parents at his current residence for 20 years. His brother and adopted sister reside in the Bay Area. His parents and brother were present in court to support him. Defendant proffered that his parents were prepared to co-sign a release bond as a surety. However, defendant has been unemployed for 2 years and is currently supported by his parents. This raises questions about how he has been able to finance his past trips to Mexico.

4. The government proffered that defendant has a history of having or seeking sexual contact with young girls, often of Hispanic background. Defendant has two convictions, in 1980 and 1986, for such behavior, which gave rise to the requirement that he register as a sex offender. The government proffered that while on probation from the second of these convictions, he was charged with a probation

2

1  violation for again engaging in such conduct.  The government
2  also proffered a recent incident in Mexico City in which the
3  defendant is accused of having a 13 year old girl in his hotel
4  room overnight and of soliciting sex from her.  The government
5  also proffered that a search of his camera disclosed pictures
6  of young Hispanic females in suggestive poses.  I therefore
7  conclude that he presents a danger to the community if
8  released.

9       5.  If risk of flight were the only concern I had, there
10 may be conditions of release, such as the posting of the
11 family home and electronic monitoring, that could reasonably
12 assure his appearance at trial.  However, none of the proposed
13 conditions, nor any I have been able to conceive, would
14 adequately assure the safety of the community.  To start with,
15 I am unwilling to release defendant to live in his parents'
16 home, which is within 200 feet of a school, an apparent
17 violation of California law.  Nor am I satisfied that
18 defendant is amenable to supervision.  He did not register as
19 a sex offender when he was notified of his need to do so by
20 law enforcement last fall.  The government also proffered that
21 a representative of a high school in defendant's neighborhood
22 has reported that defendant has been seen on school grounds,
23 which would also appear to violate state law.  And as noted
24 above, he has previously violated his probation.

25      Based on the foregoing, the government's motion to detain
26 is **GRANTED.  IT IS HEREBY ORDERED** that:
27           (1) The defendant be, and hereby is, committed to
28 the custody of the Attorney General for confinement in a

1 corrections facility separate, to the extent practicable, from
2 persons awaiting or serving sentences or being held in custody
3 pending appeal;

4     (2) The defendant be afforded reasonable opportunity
5 for private consultation with his counsel; and

6     (3) On order of a court of the United States or on
7 request of an attorney for the government, the person in
8 charge of the corrections facility in which the defendant is
9 confined shall deliver the defendant to an authorized Deputy
10 United States Marshal for the purpose of any appearance in
11 connection with a court proceeding.

12 Dated: November 10, 2008

                                                           Bernard Zimmerman
                                        United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2008\HARDEMAN DETENTION ORDER.FINAL VERSION.wpd