IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GARY HARDEMAN,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　／ | No. CR 08-0847 WHA<br><br>**ORDER RE MOTION TO RETURN PROPERTY** |

　　　　Defendant was arrested at the airport in early-November 2008 upon his return from Mexico and indicted soon thereafter for failure to register as a sex offender in violation of the Sex Offender Registration and Notification Act. 18 U.S.C. 2250(a). A motion to dismiss filed by defendant was denied in January 2009. Shortly thereafter, the government voluntarily dismissed the indictment with prejudice, citing problems of proof. Defendant now moves under Rule 41(g) for return of the property seized during searches of his person and residence in November and December 2008. A hearing on the motion was held on April 14, 2009. For the reasons that follow, the motion is **GRANTED IN PART** and **DENIED IN PART**.

　　　　　　　　　　　　*　　　　*　　　　*

　　　　Rule 41(g) provides:

> **(g) Motion to Return Property**. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return . . . . The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Defendant argues that he is "aggrieved . . . by the deprivation of property" because an indictment has been filed against him and dismissed with prejudice; he does not argue that the searches or seizures were unlawful. He seeks the return of all property subject to any reasonable conditions the Court deems necessary.

The government contends that much of defendant's property should remain in the custody of law enforcement because the government continues to investigate defendant for possible violations of *other* crimes — including sex tourism, child exploitation or child pornography. The property, the government argues, therefore has ongoing evidentiary value. At the hearing, the government indicated that if it is to file further charges it will do so "this year," which could be another eight months but probably within the next few months.

The property at issue was seized in the course of four searches of defendants' person and residence. Three of the four searches were executed under warrants obtained for probable cause to believe defendant committed crimes *other than*, or in addition to, the Section 2250(a) count already dismissed. All of the property at issue was covered by the warrants for those other possible crimes.[1]

The Ninth Circuit recently described the standards for a motion to return property as follows:

> When a motion for return of property is made before an indictment is filed (but a criminal investigation is pending), the movant bears the burden of proving both that the seizure was illegal and that he or she is entitled to lawful possession of the property. However, *when the property in question is no longer needed for evidentiary purposes*, either because trial is complete, the defendant has pleaded guilty, *or . . . the government has abandoned its investigation*, the burden of proof changes. The person from whom the property is seized is presumed to have a

---

[1] The four searches were as follows. *First*, in early November, upon defendant's arrest, the government executed a warrant to search defendant's person for a Pantax camera and USB flash drive based on probable cause to suspect a violation of 18 U.S.C. 2250 (failure-to-register). *Second*, on December 1, the government executed a warrant to search a brown duffel bag and white plastic bag that defendant had with him at the time of his arrest based on probable cause for violations of 18 U.S.C. 2423 (sex tourism), 2251 (child exploitation) and 2252 (child pornography). That warrant *also* covered the camera and USB drive. *Third*, in late November the government obtained a warrant based on Sections 2250 and 2423 to search defendant's residence. *Fourth*, the following day the government obtained another warrant to search defendant's residence pursuant to a warrant under Sections 2251 and 2252. The seized property included $8,800 in travelers checks which is now the subject of ongoing forfeiture proceedings (Barry Decl. ¶¶ 2–8).

2

right to its return, and the government has the burden of
demonstrating that it has a legitimate reason to retain the property.

*United States v. Harrell*, 530 F.3d 1051 (9th Cir. 2008) (emphasis added).[2] That is, "an order to return property under Rule 41(g) is inappropriate where the government's need for the property as evidence continues. If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable. It is when the government no longer needs the property as evidence in an investigation that a presumption in favor of return arises." *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1112–13 (9th Cir. 2008).

True, as in *Harrell*, an indictment was already filed against defendant and was subsequently dismissed with prejudice; five months have passed with no further charges yet forthcoming. The government does, however, have a legitimate evidentiary need for much of the seized property due to its ongoing investigation into other possible crimes. This order finds that the government may retain property for which it has a legitimate evidentiary need. Nevertheless, the government has seized some property for which the government's "legitimate interests can be satisfied even if the property is returned," particularly given that Rule 41(g) permits the return of property subject to reasonable conditions.[3]

The items of property seized from defendant are detailed in the Barry declaration. The government may withhold the following property because it has ongoing evidentiary value (Barry Decl. ¶¶ 9.a–d; 10.a; 10.b):

|     |     |
| --- | --- |
| 9.a. | Condoms and personal lubricant |
| 9.b. | Boxes of "Ampicilina" |
| 9.c. | Camera flash for 35 mm camera |
| 9.d. | Camera lens for 35 mm camera |
| 10.a. | Twenty (20) copies of unbound book |
| 10.b. | Womens "Croc" sandals |

The government's legitimate interests in certain items can be satisfied even if the property is returned. The property seized included certain print photos, negatives thereof, and

---

[2] All internal quotations and citations are omitted from cited authority, unless otherwise indicated.

[3] *Ramsden v. United States*, 2 F.3d 322, 326–27 (9th Cir. 1993) (further explaining: "[i]n many instances documents and records that are relevant to ongoing or contemplated investigations and prosecutions may be returned to their owner as long as the government preserves a copy for future use").

3

1 additional negatives for which print photos were not found. As to the prints, the government
2 may withhold only those prints plausibly believed to constitute child pornography (but can
3 make copies before returning prints). As to the negatives, the government explained at the
4 hearing that it needed them as leads in its ongoing investigation, for example, to re-trace
5 defendants steps in Mexico. It can keep the negatives for this purpose for now (Barry Decl. ¶
6 11.d, i):

    10.d.    Photographs and negatives
    10.i.    Photographs and negatives including photographs of naked females

9 For the same reason, the government must return defendant's passport, although a copy
10 thereof may be made to preserve the evidentiary value of the passport in pinning down
11 defendants' travel history (Barry Decl. ¶ 11.k).

12 The government must return the lawful papers, documents and other items cited in this
13 paragraph but may first make copies or duplicates for use in the ongoing investigation, unless
14 the government can justify by affidavit a legitimate ongoing need to withhold the original. For
15 example, the government may make copies of any papers included herein, may image the
16 electronic media, may make duplicates of the keys and may photograph other objects for
17 recollection and use in the investigation (Barry Decl. ¶¶ 9.f–k; 10.a; 11.a–c, e–h):

    9.f.    Unknown metal keys
    9.g.    Philips digital voice recorder
    9.h.    Miscellaneous papers and documents
    9.i.    Sandisc USB port flashdrive
    9.j.    Mexican Identification
    9.k.    Digital Video Disc (DVD)
    10.a.    Miscellaneous travel items
    10.a.    Jewelry (gold butterfly)
    11.a.    17-inch Hewlett Packard laptop
    11.b.    Digital media drives and cassette tape
    11.c.    VHS Spanish movie Esta Maldita Droga
    11.e.    Books and printouts of Life Made Easy
    11.f.    Foreign legal documents
    11.g.    Booklet titled "Notes to My Daughter"
    11.h.    Miscellaneous documents

26 The following items, with no apparent evidentiary value, must be returned (Barry Decl.
27 ¶¶ 9.e; 10.a; 10.b; 11.j; 12.a–e):

    9.e.    Unused 35 mm film
    10.a.    Norelco electronic shaver with charger

4

        10.a.    Pants hanger
        10.b.    All but the "Croc" sandals
        11.j.    Address cards
        12.a.    Super 8mm animation film in cartridge
        12.b.    Sheets of stamps
        12.c.    CDs with software programs
        12.d.    Photo album (Mexico 1985-1986)
        12.e.    Photos of daughter

The government must return all such property to defendant by **APRIL 30, 2009**.

Pursuant to Rule 41(g), defendant is **ORDERED** to maintain and preserve in its current condition all property thus returned; no such property shall be transferred, altered or destroyed.

**IT IS SO ORDERED.**

Dated: April 17, 2009.

                                      WILLIAM ALSUP
                                      UNITED STATES DISTRICT JUDGE